# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**JERMAINE RUSSELL JOHNSON,**

        Petitioner,

v.

                            **CIVIL ACTION NO. 3:12-CV-120**
                            **CRIMINAL ACTION NO. 3:09-CR-85-1**
                            **(BAILEY)**

**UNITED STATES OF AMERICA,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Crim. Doc. 106 / Civ. Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on June 25, 2014, wherein he recommends this Court dismiss the petitioner's § 2255 petition with prejudice.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  The docket reflects that service was accepted on or before June 30, 2014 [Civ. Doc. 7].  After a brief extension, the petitioner timely filed his objections on August 11, 2014 [Crim. Doc. 111 / Civ. Doc. 11].  Accordingly, this Court will review those portions of the R&R to which the petitioner objected under a *de novo* standard of review.  The remaining portions will be reviewed for clear error.

## Discussion

The instant petition asserts counsel was ineffective.  To demonstrate ineffective assistance of counsel, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland v. Washington**, 466 U.S. 668, 688 (1984).

However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." **Strickland v. Washington**, 466 U.S. at 697.  This Court finds there was neither deficient performance

nor prejudice.

Petitioner's first argument asserts that "counsel made it absolutely plain to him prior to, and during the negotiations, that by accepting the plea he would be sure to only get a 100 month sentence." [Doc. 111 at 3]. On the same page, however, petitioner completely contradicts himself, stating: "Petitioner's understanding, according to advice of trial counsel in accepting the government's plea offer was that his sentence according to the agreement would be at *least* 100 months." Id. (emphasis added). The petitioner compounds this inconsistency by referencing counsel's statements at the sentencing hearing which acknowledge that "his sentencing memorandum did *ask* for a term of 100 months" and "we would still stand by our *request* for a sentence of 100 months . . .." Id. (emphasis added). Petitioner simply cannot offer anything, other than self-serving statements, coupled with his own contradictory statements, that counsel guaranteed him a one hundred month sentence. This Objection has no merit and is **OVERRULED**.

The petition also attacks the applicability of the U.S.S.G. § 2D1.1(b) firearm enhancement and states that petitioner would not have pled guilty had he known such an enhancement was a possibility. Petitioner categorizes this application as "improper sentencing entrapment" and "plea breaching." Petitioner voices his confusion of a firearm enhancement, noting that the count to which he pled was simply a drug offense. However, as noted in the R&R, the Fourth Circuit has rejected the argument that "it was error to apply the weapons enhancement without charging possession of a firearm in the indictment and presenting it to the jury." ***United States v. Dash***, 15 Fed.Appx. 53, 54 (4th Cir. 2001). Moreover, "the factual findings needed to calculate a defendant's advisory Guidelines range

are still within the district court's province,' so long as those factual findings neither increased the mandatory minimum sentence or the statutory maximum sentence." *United States v. Wood*, 2014 WL 2766125, at *2 (E.D. Va. June 18, 2014). Here, the firearm enhancement increased neither; accordingly, the undersigned – the sentencing Judge – stands by the findings as to application of the firearm enhancement and the advisory guideline calculations announced at the petitioner's sentencing hearing. This Objection is **OVERRULED**.

Petitioner also argues ineffective assistance of counsel by alleging that this Court was not made aware that the firearm was found on another person weeks after petitioner was arrested and that if this Court knew this, it would not have applied the enhancement. [Doc. 111 at 7]. Again, the petitioner misstates the facts. This Court has reviewed the record, and finds that the PSR and sentencing hearing transcript both reveal that everyone involved was keenly aware that the AK-47 to which petitioner refers, was not seized on the date of the arrest. (See Sent. Tr. 9:7-8). In addressing this very argument at sentencing, this Court stated, "the enhancement applies if the firearm is possessed in connection with the course of conduct, and we need not focus on one particular day and the count upon which he has entered a guilty plea, but the entire course of conduct." Id. at 10:1-5.

Simply put, contrary to what petitioner now argues, defense counsel raised these objections, this Court acknowledged the same, and it proceeded to overrule them. Counsel was not ineffective; the law simply did not support the objections. Thus, for the same reasons, the petitioner's Objections [Crim. Doc. 111 / Civ. Doc. 11] are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Crim. Doc. 106 / Civ. Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Crim. Doc. 111 / Civ. Doc. 11]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition **[Crim. Docs. 87 & 89 / Civ. Docs. 1 & 2]** be **DENIED** and **DISMISSED WITH PREJUDICE**. Additionally, the Motion to Request Leave and Expand the Record **[Crim. Doc. 95]** and Urgent Memo and Motion for Leave to Supplement **[Crim. Doc. 101]** are **GRANTED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Johnson has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** September 16, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE